LOWBER (TATHAM v.). See Cases Nos. 13,764 and 13,765.

LOWDERMILK (MANNING v.). See Case No. 9,046.

## Case No. 8,564.

In re LOWE et al.

[11 N. B. R. (1875) 221.] [1]

District Court, E. D. Michigan.

BANKRUPTCY — SEPARATE ESTATE — PARTNERSHIP ASSETS—INTERESTS OF PARTNERS INTER SE.

1. Separate estate, in the meaning of the bankrupt law [14 Stat. 517] is that in which each partner is separately interested at the time of the bankruptcy. It might have been used, it is true, in connection with and for the benefit of the partnership business; but the term "separate estate," can be applied only to property so used, which belonged to one or more of the partners, to the exclusion of the rest.

2. Partnership assets must be applied to the payment of partnership debts without reference to any disproportion of the interests of the individual partners as between themselves.

On exception of the bankrupt, James Lowe, to the report and account of the assignee.

At the second meeting of creditors it appeared by the assignee's report and account that he had collected out of the partnership assets, and then had on hand ready for distribution, four thousand three hundred and sixty-four dollars and one cent, and that he had partnership assets still on hand undisposed of; and the assignee was directed to pay over to the partnership creditors three thousand five hundred and fifty-eight dollars and forty-two cents of the amount so in his hands, that being the whole amount of claims proved against the partnership. Thereupon the bankrupt, James Lowe, excepted, "for the reason that said report and account credits all the goods, chattels, and merchandise coming into the hands of the assignee in his said report, as if the same were assets of the said Lowe and Richards," and averring "that a large amount of the said goods, chattels, and merchandise, to wit, to amount of five thousand dollars, is the separate and individual property and as-

sets of said James Lowe." The exception was certified by the register to the court for decision, and proofs were taken. The following facts appear:

April 8th, 1873, the said James Lowe and Frank P. Richards entered into partnership in the business of retailing ready-made clothing, cloths, and furnishing goods, and manufacturing clothing, etc., the partnership to continue one year from that date, with a provision for continuing the same for a longer period. By the articles of copartnership it is, among other things, provided "that the stock in trade with which they shall do business shall be the stock which is owned by James Lowe and in his store," etc., "that the said Frank P. Richards shall, at the time this article shall take effect, put into said business nine hundred and forty dollars, to be used as part payment to said Lowe for his interest in said stock, and shall further deliver to said Lowe one promissory note of five hundred and seventy-five dollars, and assign to him, said Lowe, a certain indenture of mortgage, bearing date the 15th day of October, 1868, for the sum of three hundred and five dollars—said note and mortgage to be collateral security for the amount of said note and mortgage;" "that the said Frank P. Richards shall, as soon as these articles shall take effect, own such a portion of the capital stock as said sum of nine hundred and forty dollars shall bear to the price of said stock, when invoiced," and when said note should be paid, Richards' interest was to be increased accordingly; "that the said James Lowe shall have the right to draw from the said stock on hand, or may draw or take from the money and proceeds that arise from the sale of the stock at any time until the stock of the copartnership is reduced so that each shall have the same amount vested in said copartnership business;" and that Richards should assume and pay one-half of certain specified debts contracted by Lowe for goods then in and to come into the stock. September 9th, 1873, the firm made a voluntary assignment of their partnership property and effects to one Lorenzo Palms, for the benefit of their creditors; and thereupon the partners made and signed a memorandum in writing, showing "their respective interests in the property which is jointly owned by them and so assigned." By this memorandum it was "mutually agreed by and between the said James Lowe and Frank P. Richards that the interest of the said Frank P. Richards in said property is five hundred and sixty-nine dollars and seventy-one cents, which amount is to be increased or diminished by his pro rata share of any loss or profits in the business of said firm from the time said business was commenced to this date," etc.; and "that the interest of the said James Lowe in said property is all the balance over and above the said sum hereinbefore mentioned as the in-

[1] [Reprinted by permission.]

terest of the said Frank P. Richards. and the said profit or loss. if any, is to be divided between the said James Lowe and Frank P. Richards, upon the basis of this statement and agreement." Not long after this, the firm was put into bankruptcy on a creditor's petition. The voluntary assignee surrendered to the assignee in bankruptcy all of said property and effects; and the latter has reported the same to the court as partnership assets without any distinction or statement as to the proportions of interest of the respective partners in the same, and Lowe excepted to the report, as before stated.

In support of the exception it was contended that the excess of Lowe's interest in the partnership property over that of Richards was his separate, individual property, and that the assignee ought to have so reported the same. It did not appear by the proofs that Lowe owed any individual debts, but such was conceded to be the fact at the hearing before the court.

Mr. Shumway and Mr. Pond, for the exception.

D. M. Dickinson, for assignee.

LONGYEAR, District Judge. Under the articles of copartnership, as well as the memorandum made at the time of the voluntary assignment, it is clear that the interest of each partner, whatever it was, extended to the entire stock in trade and every item thereof. The only difference between them was as to the amounts of capital owned by each, and the consequent difference in their respective interests in the stock. There was no specific portion or items reserved by Lowe as his separate, individual property any further than might be subsequently selected and withdrawn by him; and no such selection and withdrawal of any portion of the property reported by the assignee as partnership assets appear to have been made. No specific items of the property could therefore have been selected and set apart by the assignee as the separate estate of Lowe, relieved of the interest of Richards. "Separate estate," in the meaning of the bankrupt law, is that in which each partner is separately interested at the time of the bankruptcy. It might have been used, it is true, in connection with and for the benefit of the partnership business; but the term "separate estate" can be applied only to property so used, which belonged to one or more of the partners to the exclusion of the rest. James, Bankr. 187; Ex parte Hamper, 17 Ves. 403; Story, Partn. § 372; T. Pars. Partn. (1st Ed.) 492; Id. (2d Ed.) 510. No specific items of the property reported by the assignee as partnership assets, as we have seen. belonged to Lowe to the exclusion of Richards. and therefore the law as to separate property of individual partners used for partnership purposes has no appli-

cation to the present case. Partnership assets must be applied to the payment of partnership debts, without reference to any disproportion of the interests of the individual partners as between themselves. Exception overruled.